RECEIVED
SDNY PRO SE OFFICE
2019 NOV 12 PM 1: 15

REYNA ARROYO

ADDRESS

TELEPHONE

November 11, 2019

**VIA Personal Delivery**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

<u>RE: Arroyo v. The Dept. of Education of the City of N.Y.</u>
Civil Action No. 19-CV-7416 (ER)

Dear Judge Ramos,

I am the Plaintiff in the case cited above. I am responding to your Honor's ruling that I must respond to the City Law Department no later than November 13, 2019 to their request for a pre-motion conference to seek leave to move to dismiss all of my claims.

I understand that you have scheduled November 20, 2019 as the pre-motion conference, and I intend on being there. I oppose dismissal of my case for the reasons set forth below, and request that I receive a schedule whereby I can have four weeks to Oppose the claims made in the NYC Law Department Motion.
Neither Arbitrator Lisa Pollack nor Judge Shlomo Hagler addressed the fact that the determination of probable cause in the tenure law Education Law 3020-a Section (2)(a) was never changed. Neither addressed the fact that I never waived my right to have a vote on my charges by the PEP, and that the Chancellor never obtained the authority to vote on 3020-a charges and thus cannot delegate these charges.
Thus Point number I, "The School Board Does Not Need To Vote On Probable Cause" is wrong on the prevailing law. The New York State Legislature considered and subsequently agreed to the transfer of *the initiation of charges* and other duties and responsibilities of the school board to the Chancellor except for the <u>***determination of probable cause.***</u> The determination of probable cause in Education Law §3020-a remained under the sole authority of the New York City School Board, the Panel For Educational Policy ("PEP"), in Executive Session after a vote by a majority of its members. (Education Law §3020-a Section (2)(a)).
Proof of the intentional support for the determination of probable cause to remain under the sole authority of the PEP voting in an Executive Session can be seen in the following current rules and laws, **all of which were ignored** by the Affirmation in Response submitted by the Department in this matter:

- The Chancellor was never given a vote on the PEP, and cannot delegate this vote to

- anyone. (current PEP Bylaws)
- Education Law §2590-b also states that: "The Chancellor shall serve as a non-voting ex-officio member of the Panel for Educational Policy."
- The Delegation memos are worthless papers in the argument presented here because none mention "probable cause".
- Nowhere in Education Law §3020-a is there a provision authorizing a Principal (or any single individual) to make a determination of probable cause. The State legislature never removed the independent participation of the school board, or PEP, in the finding of probable cause in disciplinary hearings held in New York City.
- <u>Initiating</u> charges and <u>finding and determining probable cause</u> are two different actions and procedures. No principal or Superintendent can "initiate and resolve" 3020-a charges against a tenured teacher unless, and only, in cases where the Respondent waives his/her right to a hearing and/or settles the case before going to a full hearing. New York State's public policy stands firmly behind an arbitration /due process hearing for any tenured employee who is charged, and neither the Chancellor nor the Community Superintendent may terminate a tenured teacher who requests a due process hearing on charges filed against him/her.
- The proscription against voting by the Chancellor on PEP matters was intentional. The 2002 PEP Bylaws had permitted the Chancellor the right to vote; however, when PEP amended the Bylaws in 2009, they specifically removed that right. Notably, PEP unanimously adopted the amended Bylaws proscribing the Chancellor's right to vote.
- Education Law §2590-f(t) states:
  "**(t) notwithstanding any provisions of law to the contrary,** to exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter pursuant to a delegation of the chancellor under section twenty-five hundred ninety-h of this article......"
- Education Law §2590-h states:
  "The office of chancellor of the city district is hereby continued. Such chancellor shall serve at the pleasure of and be employed by the mayor of the city of New York by contract. The length of such contract shall not exceed by more than two years the term of office of the mayor authorizing such contract. The chancellor shall receive a salary to be fixed by the mayor within the budgetary allocation therefor. **He or she shall exercise all his or her powers and duties in a manner not inconsistent with the city-wide educational policies of the city board. ..."**
- Even if the NYC Chancellor could be given all the duties of the PEP, he/she would still have to hold an Executive Session and meet with at least one other person as part of an open public meeting. (New York State Open Meetings Law Section 105).
- No Constitutional rights may be waived without written consent, and in this matter Petitioner affirmed that at no time did she waive her rights to proceed to an arbitration based upon a finding of probable cause pursuant to Education Law §3020-(2)(a). No waiver of the tenure law charging tenured employees of the Department by either the teacher's Union, United Federation of Teachers, ("UFT"), nor the Union for Administrators, Council of School Supervisors and Administrators, ("CSA") have posted a waiver of an educator's right to the charging process mandated in Education Law §3020-(2)(a). Additionally, there is no hidden waiver by the Department or Union, and none are allowed in these proceedings. Fraudulent concealment of a secret waiver of the rights of tenured employees

- to the tenure law Education Law 3020-a(2)(a) by the NYC Department of Education cannot be sanctioned and must prohibit any arbitral decision in this matter.
- The two agreements between the UFT and the Department, one dated June 27, 2008 and the other April 15, 2010, refer to what the agreed upon procedures are for 3020-a arbitration AFTER the hearing has been placed under an arbitrator and is ready to start. The argument for unlawful procedures presented here refers to procedures which take place during the pre-hearing and charging period, before an arbitrator is appointed.

Judge Schlomo Hagler made a reversible error when dismissing the petition without basis in fact or law and stating in his oral dismissal of the Petition nothing more than Petitioner was wrong on the law and facts. This is not true. Judge Hagler gave powers to the Chancellor and the Principal, namely to determine probable cause, that no law, rule or regulation gives them. The NYC Panel For Educational Policy cites, in the BYLAWS, that the Chancellor is a "non-voting" member. Thus, no delegation of the vote is permitted. There was no Executive Session. Judge Hagler not acknowledge this fact. The delegation memos are without merit in the 3020-a procedures mandated in Education Law 3020-a.

In addition, Pollack stated on p. 3 of her decision that:
"Further there is no need for the IEPs. The Specification doesn't address any student behavior."
In my Article 75 Appeal I brought up the fact that there are no facts in observations and Arbitrator Pollack terminated me based upon the opinion of the Principal that I was no good as a teacher. But I was teaching for many years and received excellent reviews until I started asking about the services my IEP students were not getting.

Compulsory Arbitration known as 3020-a is not supposed to be punitive. But Arbitrator Pollack punished me for not staying silent about the lack of services for my students, and Judge Hagler went along with it. Judge Hagler is well known as a judge who has never granted a pro se teacher's Petition. He did not read my papers.

In sum, I have a cause of action, namely that I was terminated for no reason, no facts, and an unlawful procedure which denied me any rights before the hearing began. My Constitutional tenure rights to my job were ignored by Arbitrator Pollack and Judge Hagler, and I ask to be heard on why this Court should hear my argument to get my job back.

Thank you,

*Reyna Arroyo* (signature)
Reyna Arroyo

CC: Attorney Alana Mildner via email and mail

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------)(

REYNA ARROYO,                                    DOCKET NO. 19-CV-7416 (ER).

        Plaintiff,

                                                                        AFFIDAVIT OF SERVICE

-against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK;

        Defendants.
------------------------------------------------------------------)(

I, Reyna Arroyo, am over the age of 18, and on November 12, 2019 I provided service on the Corporation Counsel at the address listed below in the matter before the United States District Court with Index number 19-CV-7416 (ER). I served a copy of the Opposition To the Motion To Dismiss via email and First Class Mail to:

        Corporation Counsel
        100 Church Street
        New York, N.Y. 10007

        Att: Alana Mildner

*Reyna Arroyo* (signature)

Reyna Arroyo


Sworn to Before Me on
November 12, 2019

*(signature)*

Notary Public

CONSTANTINOS KOMINOS
Notary Public, State of New York
Reg. No. 01KO6180349
Qualified in New York County
Commission Expires 01/07/20