No. 19 Civ. 7416 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REYNA ARROYO,

                                        Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                        Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-146*
*New York, New York  10007*

*Of Counsel:  Alana R. Mildner*
*Tel.:  (212) 356-1177*
*Matter No.:  2019-062549*

William S.J. Fraenkel,
Alana R. Mildner,
    Of Counsel.

**Table of Contents**

PRELIMINARY STATEMENT .................................................................................................. 3

ARGUMENT .................................................................................................................................. 3

    COLLATERAL ESTOPPEL BARS PLAINTIFF'S DUE PROCESS CLAIMS ....................... 3
    PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM ......................................... 3
    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM .......................... 5
    PLAINTIFF FAILS TO STATE A TITLE VII CLAIM ............................................................ 8

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. N.Y. State Educ. Dep't*,
    752 F. Supp. 2d 420 (S.D.N.Y. 2010) ..................................................................................... 5

*Amtrak v. Morgan*,
    536 U.S. 101 (2002) ................................................................................................................ 9

*Burkybile v. Bd. of Educ.*,
    411 F.3d 306 (2d Cir. 2005) ................................................................................................ 2, 9

*Cardinale v. The New York City Dept. of Educ.*,
    Index No. 85165/2017 (Sup. Ct. Richmond Cnty. Mar. 29, 2018) ......................................... 5

*Gordon v. Nicoletti*,
    84 F.Supp.2d 304 (D. Conn. 2000) ......................................................................................... 8

*Gorman-Bakos v. Cornell COOP Extension of Schenectady Cnty.*,
    252 F.3d 545 (2d Cir. 2001) .................................................................................................... 4

*Green v. Dep't of Educ.*,
    18 Civ. 10817 (AT), 2019 U.S. Dist. LEXIS 127545, – 26 (S.D.N.Y. Jul. 31,
    2019) (adopted in 2019 U.S. Dist. LEXIS 163313 (S.D.N.Y. Sept. 23, 2019)) ................. 7, 8

*Gulino v. Bd. of Educ.*,
    96 Civ. 8414 (KMW) .............................................................................................................. 6

*LB v. Hines*,
    No. 15-cv-5238 (NSR), 2018 U.S. Dist. LEXIS 61534 (S.D.N.Y. Apr. 10,
    2018) ....................................................................................................................................... 2

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015) .................................................................................................... 9

*Slattery v. Swiss Reinsurance Am. Corp.*,
    248 F.3d 87 (2d Cir. 2001) ...................................................................................................... 5

*Smith v. City of New York*,
    130 F. Supp. 3d 819 (S.D.N.Y. 2015), *aff'd* 664 Fed. App'x 45 (2d Cir. 2016) ..................... 4

*Matter of Smith v. New York City Dept. of Educ.*,
    109 A.D.3d 701 (N.Y. App. Div. 1st Dept. 2013) .................................................................. 7

**Statutes**

N.Y. Education Law § 3020-a ..........................................................................................2, 4, 5, 7

**PRELIMINARY STATEMENT**

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE"), submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's Complaint on multiple grounds, including that Plaintiff's due process claims are barred by collateral estoppel, and her remaining Constitutional claims and state law claims must be dismissed for failing to plead facts plausibly supporting such claims.

**ARGUMENT**

**POINT I**

**COLLATERAL ESTOPPEL BARS PLAINTIFF'S DUE PROCESS CLAIMS**

Plaintiff acknowledges that she filed an Article 75 petition in New York State Supreme Court; that her petition was heard at an oral argument before Justice Shlomo Hagler; and that on January 15, 2019, the Court denied Plaintiff's petition. *See* Complaint, ECF No. 1, at ¶ 13. *See also* Transcript of Oral Argument, dated November 27, 2018, a copy of which was annexed to the Declaration of Alana R. Mildner (hereinafter "Mildner Decl.") dated December 30, 2019, ECF No. 14, as Exhibit C (hereinafter "Oral Argument Transcript").

In denying Plaintiff's Article 75 petition, the state court actually and necessarily decided several issues which Plaintiff attempts to raise again here. The Article 75 court rejected Plaintiff's contentions and found that Hearing Officer Pollack had subject matter jurisdiction to hear the charges and that an executive session of the Board of Education was not required. The court found unpersuasive Plaintiff's reliance on the unreported Richmond County case of *Cardinale v. The New York City Dept. of Educ.*, Index No. 85165/2017 (Sup. Ct. Richmond Cnty. Mar. 29, 2018), which reached an alternate conclusion in an unrelated case. Oral

Argument Transcript, Mildner Decl., ECF No. 14, at Ex. C, at 7:16 – 24 and 16:10 – 17:13. Further, the Court found no support in the record for the assertion that Hearing Officer Pollack was biased in favor of DOE. *Id*. at 18:9 – 26.

Collateral estoppel bars a claim when, in the prior proceeding: (1) the identical issue was raised; (2) the issue was actually litigated and decided; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *LB v. Hines*, No. 15-cv-5238 (NSR), 2018 U.S. Dist. LEXIS 61534, at *5-7 (S.D.N.Y. Apr. 10, 2018), *quoting Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998). Issues of the hearing officer's subject matter jurisdiction and alleged bias were litigated and decided in Plaintiff's Article 75 proceeding. The parties had a fair and full opportunity to brief these issues and present them to the Court at oral argument and these issues were essential to the Court's decision not to vacate Hearing Officer Pollack's decision.

Plaintiff's opposition to this motion argues that claim preclusion should not apply because Plaintiff did not assert Constitutional claims in the Article 75 proceeding. *See* Opposition, ECF No. 17, at pp. 34 – 35. Defendant's motion does not, however, rely on the claim preclusion doctrine but on that of issue preclusion. Defendant does not assert that Plaintiff raised in state court identical due process claims, but that the issues underlying these claims, i.e. issues of subject matter jurisdiction and arbitrator bias, were already decided by the state court and should be given preclusive effect.[1]

Plaintiff seems to claim that the state court ruling lacks preclusive effect because it contains "reversible error" and that Justice Shlomo Hagler is "well known" as a judge who is

---

[1] Plaintiff asserts that Hearing Officer Pollack's decision cannot be given preclusive effect, as "arbitration is not a court". Opposition, ECF No. 17, at p. 36. This is incorrect – the Second Circuit has found that a § 3020-a hearing is a quasi-judicial administrative action that can have preclusive effect. *See Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311 (2d Cir. 2005).

biased against teachers.  Opposition, ECF No. 17, at pp. 10, 30.  Such arguments are not only erroneous, but are also not properly before this Court.  If Plaintiff believes the New York State Supreme Court committed error or was so biased as to require recusal, Plaintiff's remedy lies with a state appellate tribunal and not this Court.  Moreover, Plaintiff never sought Justice Hagler's recusal nor did she perfect her appeal prior to the expiration of time to do so.

Accordingly, the New York Supreme Court's decision should be given preclusive effect and Plaintiff estopped from re-litigating those issues that were actually and necessarily decided by the state court.

## POINT II

## PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM

Although the Complaint referenced freedom of speech and association, it did not specify any protected speech or association in which Plaintiff engaged.  Complaint, ECF No. 1, at p. 13.  In opposition to Defendant's motion, Plaintiff, for the first time, claims that she made a formal complaint of "grading fraud" at The College Academy.  Opposition, ECF No. 17, at p. 42.  Even if this Court were to view this new assertion as an amendment to the Complaint, these allegations are insufficient to state a claim of First Amendment retaliation.  The alleged grading fraud complaint was not made in Plaintiff's capacity as a private citizen, nor does Plaintiff plead any plausible causal connection between this speech and any adverse employment action.

Plaintiff annexes to her Opposition a letter, allegedly submitted by Plaintiff to the NYC Special Commissioner of Investigation ("SCI"), dated June 28, 2017.  The letter states that: Plaintiff has been "bullied" by an assistant principal who "laughed at [Plaintiff's] accent" and made unspecified "disrespectful comments"; five students were permitted to graduate without completing unspecified requirements; a student was allowed to take a Regents examination on an

3

alternative date to accommodate his attendance at a family member's graduation; and the school's valedictorian was "replaced". *See* Opposition, ECF No. 17-3, at Exhibit I.

The purported letter to SCI is not the speech of a citizen speaking on a matter of public concern but of a DOE teacher discharging her duty. Indeed, Plaintiff begins the letter by identifying herself as a teacher at The College Academy. *See* Opposition, ECF No. 17-3, at Exhibit I. Further distancing the letter from the realm of protected speech is its request that SCI give assistance to "end the unfair treatment and behavior…towards the staff that take place at The College Academy". *Id.* Therefore, to the extent Plaintiff's letter concerns her relationship with an assistant principal or the treatment of teachers at the school, such a letter is not speech by a private citizen on a matter of public concern, but rather an internal workplace grievance. *See Smith v. City of New York*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015), *aff'd* 664 Fed. App'x 45 (2d Cir. 2016) (report to SCI of an employer-employee dispute is not a matter of public concern).

Even if Plaintiff's letter to SCI were considered protected speech, lacking is any causal nexus between the SCI letter and any adverse employment action. The SCI letter is dated June 28, 2017, but the "Notice of Determination of Probable Cause on Education Law § 3020-a Charges" is dated several days earlier, June 19, 2017. *See* Opposition, ECF Nos. 17 and 17-3, at Exs. B and I. As Plaintiff's SCI Complaint was made nine days *after* DOE found probable cause to bring disciplinary charges, there cannot be any causal nexus between her SCI complaint and the service of disciplinary charges.

To the extent Plaintiff alleges that her May 2018 termination was an adverse action done in retaliation for her June 2017 SCI complaint, such events are too attenuated to establish an inference of causation. *See Gorman-Bakos v. Cornell COOP Extension of*

4

*Schenectady Cnty.*, 252 F.3d 545, 554-55 (2d Cir. 2001). Moreover, the termination decision was made by a neutral hearing officer and upheld by the New York State Supreme Court.

Plaintiff's termination was the mere culmination of an ongoing disciplinary process, begun well before Plaintiff's purported protected activity. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). Plaintiff was warned to improve her pedagogical performance as early as November 2014. *See* Decision, Mildner Decl. ECF No. 14, at Ex. A, p. 12. Therefore, Plaintiff cannot plausibly plead a causal relationship between her June 2017 SCI complaint and her May 2018 termination for three years of poor performance.

## POINT III

## PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM

**A.** **Equal Protection**

Plaintiff's Complaint asserts that DOE violated the Equal Protection Clause by permitting principals, but not teachers, to select arbitrators for disciplinary hearings. This Court has upheld DOE's policy of using rotating arbitrator panels in teacher disciplinary cases. *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 459-60 (S.D.N.Y. 2010). Defendant has a legitimate governmental purpose, i.e. efficiency, in using such panels for teacher arbitrations but declining to do so for principal arbitrations.[2] Thus, a rational basis for the policy exists and Plaintiff's claim fails.

Plaintiff's opposition now asserts a new theory—that her true Equal Protection claim is that "Plaintiff was treated differently with malicious retaliatory animus for not speaking

---

[2] Plaintiff Opposition misconstrues Defendant's assertion that efficiency is a legitimate governmental purpose. Plaintiff appears to interpret this as an admission that DOE conducts hearings so quickly as to violate due process rights. Defendant maintains that hearings are not conducted too quickly, and that Defendant's interest in efficient pre-hearing procedures does not impact a teacher's due process rights to notice and opportunity to be heard. Nor should it escape notice that Plaintiff's own § 3020-a hearing was conducted over eleven hearing dates.

5

English adequately, and being Hispanic." Opposition, ECF No. 17, at p. 46. The Complaint, however, is devoid of any facts plausibly suggesting that DOE treated Plaintiff differently than either non-Hispanic teachers or teachers with different English-speaking abilities. Similarly, although Plaintiff asserts that DOE engages in "selective enforcement," she fails to plead facts plausibly suggesting that she was treated differently than any other similarly-situated teacher non-protected teachers. *See id.* at pp. 46 – 47.

In support of her equal protection argument, Plaintiff cites a case, *Gulino v. Bd. of Educ.*, 96 Civ. 8414 (KMW), concerning DOE's required use of New York State's LAST examination, which was found to have had a disparate impact on Black and Latinx teachers. Any claim relating to the LAST examination is barred by claim preclusion and the statute of limitations, as these issues were fully litigated in the *Gulino* matter. Moreover, a proposed judgment indicates that Plaintiff passed the LAST, was hired as a teacher in 2005, and that her 2018 termination was unrelated to the LAST. *See* Opposition, ECF No 17-1, at Exhibit H.

Plaintiff cannot support a retaliation claim based on participation in the *Gulino* litigation. As reflected in the proposed judgment annexed to Plaintiff's opposition, Plaintiff's *Gulino* damages demand was made on August 23, 2018, *after* her May 2018 termination. *See id*. Accordingly, as Plaintiff's termination pre-dates her demand for damages in a large class action lawsuit, Plaintiff fails to plausibly assert any causal nexus between her participation in that lawsuit and her termination from DOE.

**B.    Procedural Due Process**

To the extent that any of Plaintiff's Fourteenth Amendment procedural due process claims are not barred by the doctrine of collateral estoppel, as discussed in Part I *above*, Plaintiff has failed to state a claim for which relief can be granted. Under the Due Process Clause, tenured public employees must receive notice of charges and an opportunity to be heard.

6

*See Green v. Dep't of Educ.*, 18 Civ. 10817 (AT)(GWG), 2019 U.S. Dist. LEXIS 127545, at *25 – 26, (S.D.N.Y. Jul. 31, 2019) (adopted in 2019 U.S. Dist. LEXIS 163313 (S.D.N.Y. Sept. 23, 2019)), *citing Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  Here Plaintiff does not dispute that she was notified of the charges and given an opportunity to testify and call witnesses at an evidentiary hearing.  Thus, Plaintiff received all the process that she was due.

Plaintiff asserts that her rights were violated because "Plaintiff was not given her rights to due process to have an arbitrator fairly hear and decide her case BEFORE she was officially charged."  Opposition, ECF No. 17, at p. 33 (emphasis in original).  Plaintiff fails to cite any authority to the effect that it is constitutionally mandated that a hearing be held before the initiation of disciplinary charges.

Plaintiff's disagreement with the methods by which DOE evaluates teachers does not constitute a denial of due process.  Plaintiff could, and did, challenge the import of classroom observations during the hearing.  That the hearing officer ultimately sided against Plaintiff does not imply a denial of due process.

Plaintiff contends that DOE and Hearing Officer Pollack disregarded her prior satisfactory service.  New York State Education Law, however, limits charges to the prior three years.  *See* N.Y. Educ. Law § 3020-a.  For that reason, the hearing testimony focused on Plaintiff's performance over the three preceding school years and not Plaintiff's performance earlier in her career.  Nor did the admission of hearsay testimony at the hearing violated Plaintiff's rights.  *See Matter of Smith v. New York City Dept. of Educ.*, 109 A.D.3d 701, 702 (N.Y. App. Div. 1st Dept. 2013).

Nor was DOE's denial of access to certain student records a violation of Plaintiff's rights.  Indeed, Hearing Officer Pollack denied, as overbroad, Plaintiff's pre-hearing

7

request for student records, but permitted Plaintiff to request specific students' records should issues regarding those students arise at the hearing. *See* Decision, Mildner Decl., ECF No. 14, at Ex. A, pp. 1 – 2, n. 1. Plaintiff did not make any such request at the hearing. *Id*. Therefore, Plaintiff cannot assert that she was denied due process on the basis that she lacked students' records.

To the extent that Plaintiff asserts that she was denied due process because of the manner in which the charges against her were preferred, such a claim is not properly brought as a Fourteenth Amendment due process claim. In *Green*, the Court (Gorenstein, M.J.) noted that the issue of whether charges were properly preferred does not bear any impact on whether an employee had notice or opportunity to be heard. *Green*, 2019 U.S. Dist. LEXIS 127545 at *27. Here, as in *Green*, Plaintiff had notice of the charges and an opportunity to be heard.

Although the Complaint alleges violations of Plaintiff's procedural due process rights, the Opposition also references substantive due process. *See* Opposition, ECF No. 17, at p. 48. Plaintiff fails to state a substantive due process claim as she fails to allege a governmental action that is "arbitrary, conscience-shocking, or oppressive in a constitutional sense". *Gordon v. Nicoletti*, 84 F.Supp.2d 304, 312 (D. Conn. 2000). That Plaintiff disagrees with the hearing officer's decision is insufficient to state a substantive due process claim.

## POINT IV

## PLAINTIFF FAILS TO STATE A TITLE VII CLAIM

Plaintiff asserts throughout her Opposition that she believes was terminated for various reasons not stated in the original Complaint, including: she was "too expensive"; "her English language skills were in need of improvement"; her first language is Spanish; and she is Latina. Opposition, ECF No. 17, at pp. 30 – 31. Such assertions will not obviate this motion to dismiss. Plaintiff cannot raise Title VII claims in this action as she does not assert that she filed

8

a timely charge with the Equal Employment Opportunity Commission (EEOC), a condition precedent to a Title VII action. *See Amtrak v. Morgan*, 536 U.S. 101, 109 (2002).

Even if a timely EEOC charge had been made, a national origin discrimination claim is precluded because Plaintiff raised that issue at her 3020-a hearing and the hearing officer found no evidence of discrimination. *See* Decision, Mildner Decl., ECF No. 14, at Ex. A, p. 40. *See also Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311 (2d Cir. 2005). Hearing Officer Pollack noted that one of the witnesses who testified to Plaintiff's poor teaching performance, Assistant Principal Wendy Poveda[3], shared Plaintiff's Dominican heritage and the testimony of Plaintiff's own witnesses revealed that there were other Hispanic and/or Dominican teachers who received "Effective" evaluations and were not placed on improvement plans. *See* Decision, Mildner Decl., ECF No. 14, at Ex. A, at pp. 7, 43.

Moreover, even if such a claim were not precluded, Plaintiff fails to state a national origin discrimination claim. Plaintiff was terminated due to pedagogical deficiencies, which included poor lesson planning and a lack of student engagement. *See generally* Decision, Mildner Decl., ECF No. 14, at Ex. A. Plaintiff does not plead any facts that would plausibly connect administrators' observations of these deficiencies with any discriminatory animus. As Plaintiff fails to state facts that would lend even minimal support to an inference of discriminatory intent, she has failed to state a claim of discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

To the extent Plaintiff alleges that she was terminated due to budgetary constraints, Plaintiff has failed to state a claim for which relief can be granted. Being a high

---

[3] In the decision, Hearing Officer Pollack misspells Poveda's name as "Pervada".

earner is not a protected class. Even if Defendant had terminated Plaintiff due to salary constraints, which it did not, such a claim would not be actionable under Title VII.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully request that this Court grant its motion to dismiss Plaintiff's Complaint, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         February 14, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-146
New York, New York 10007
(212) 356-1177
amildner@law.nyc.gov

By:      /s/
         Alana R. Mildner
         Assistant Corporation Counsel