

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ALANA R. MILDNER**
Labor and Employment Law Division
Phone: (212) 356-1177
Fax: (212) 356-2439
Email: amildner@law.nyc.gov

October 23, 2020

**BY ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   Arroyo v. Dep't of Educ. of the City of N.Y.
              Civil Action No. 19-CV-7416 (ER)
              Law Dept. No. 2019-062549

Dear Judge Ramos:

        I am the Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York assigned to represent Defendant in this matter. I write to respectfully request a pre-motion conference for Defendant's anticipated Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant further respectfully requests that the Court strike those claims in the Amended Complaint that are outside the scope of the Court's August 6, 2020 Order granting Plaintiff leave to re-plead.

**A.**    **Factual Background**

        Plaintiff was formerly employed by Defendant as a tenured chemistry teacher. In 2017, Defendant charged Plaintiff with two Specifications concerning her failure to properly plan and execute lessons over the course of three consecutive school years, as well as her failure to implement pedagogical improvements. After an eleven-day hearing, a neutral hearing officer, Lisa D. Pollack, Esq., sustained the Specifications and determined that the proper penalty for Plaintiff's incompetence was termination of her employment with Defendant.

**B.**    **Procedural History**

        In August 2019, Plaintiff, who was then *pro se*, brought the initial Complaint in this matter. On August 6, 2020, this Court granted Defendant's motion to dismiss the Complaint. *See* Opinion & Order, ECF No. 24. The Court granted Plaintiff leave to re-plead *only:* First Amendment retaliation claims concerning an alleged June 2017 letter to the Special Commissioner of Investigation ("SCI"); Fourteenth Amendment equal protection claims

regarding arbitrator selection and race / national origin discrimination; and, Fourteenth Amendment "stigma-plus" claims concerning Plaintiff's placement on an alleged "Ineligible Inquiry List". *Id*. at p. 32.

On October 9, 2020, Plaintiff, through her newly-retained counsel, filed an Amended Complaint.

## C. The Amended Complaint Fails to Comply with the Court's August 6, 2020 Order

Plaintiff's Amended Complaint seeks to add claims beyond those this Court granted leave to re-plead. Plaintiff was granted leave to re-plead her First Amendment retaliation claim regarding an alleged June 28, 2017 letter to SCI. Yet, Plaintiff's Amended Complaint alleges, for the first time, that Plaintiff contacted local news outlets in 2015 and thereafter was excessed from The College Academy and received negative evaluations.[1] *See* Amended Complaint, ECF No. 35, at ¶¶ 52, 84. Additionally, Plaintiff adds a cause of action under the New York State Constitution's free speech provision. *Id*. at ¶¶ 88 – 94. As Plaintiff was not granted leave to plead additional claims, these claims should be stricken.

Further, the Amended Complaint contains two other new allegations. Plaintiff claims experiencing a hostile work environment on account of her Dominican national origin. Amended Complaint, ECF No. 35, at ¶ 24. Plaintiff also now claims she was retaliated against after contacting the New York State Division of Human Rights. *Id*. at ¶ 84. In dismissing the initial Complaint, this Court stated that Plaintiff's Title VII claims were barred by collateral estoppel and would be futile to re-plead. ECF No. 24, at p. 24. Thus, to the extent the Amended Complaint alleges Title VII claims, such claims must be stricken.

## D. Plaintiff's Re-Pled First Amendment Retaliation Claim Remains Deficient

Plaintiff alleges that she contacted SCI in June 2017 regarding perceived issues with students' grades at The College Academy. In granting Defendant's motion to dismiss, this Court found "that Arroyo's complaints of grading fraud, made via internal school channels, are 'part-and-parcel' of her concerns as a school teacher and therefore cannot constitute protected speech under the First Amendment." ECF No. 24, at p. 24. The Court further noted that Plaintiff's alleged letter to SCI was sent ten days *after* Plaintiff was informed of the Specifications. *Id*. at p. 25, n. 14. Plaintiff fails to plead any new facts regarding her alleged letter to SCI and this Court should again dismiss this claim.

## E. Plaintiff's Re-Pled Fourteenth Amendment Equal Protection Claim Concerning Arbitrator Selection Remains Deficient

Plaintiff's initial Complaint alleged that the existence of different arbitrator selection mechanisms for hearings involving teachers and those involving administrators violated the Fourteenth Amendment's Equal Protection Clause. This Court, however, found that teachers do not represent a suspect class and thus the "rational basis test" applies. ECF No. 24, at p. 29.

---

[1] These allegations contradict the hearing officer's findings that Plaintiff was excessed from The College Academy due to a decline in student enrollment and that Plaintiff's performance issues were documented as early as November 2014.

As the Court noted, Defendant and Plaintiff's bargaining unit, the United Federation of Teachers ("UFT"), agreed to use arbitrator panels for hearings involving teachers in order to promote efficiency, and Plaintiff failed to plead facts that would negate this rationale. *Id*. at p. 30. Plaintiff's Amended Complaint fails to plead any additional facts that would dispute Defendant's articulated rationale of using arbitrator panels to promote efficiency.

F.  **Plaintiff's Re-Pled Fourteenth Amendment Equal Protection Claim Concerning Race and National Origin Discrimination / Selective Enforcement Remains Deficient**

The Court interpreted Plaintiff's initial Complaint to include allegations that Defendant engaged in selective enforcement against Latina and Spanish-speaking teachers. *See* Opinion & Order, ECF No. 24, at p. 31. The Court found, however, that Plaintiff failed to plead that any similarly situated teacher who did not share Plaintiff's characteristics was treated more favorably. The Amended Complaint fails to cure this defect.

Although Plaintiff alleges that non-Dominican colleagues were not removed from their teaching positions, Plaintiff fails to allege that these teachers had similar pedagogical deficiencies. Thus, Plaintiff fails to plead any facts that would suggest that similarly situated non-Latina or non-Dominican teachers were treated differently. Although Plaintiff alleges that her classroom space was reassigned to a Caucasian teacher, Plaintiff fails to plead any facts that would plausibly suggest that room assignments were made on the basis of race or that Plaintiff was similarly situated to that teacher. Vague, conclusory assertions of unequal treatment are insufficient to state a Fourteenth Amendment claim. *See Picinich v. N.Y. Dep't of Educ.*, 16-CV-844(CBA)(LB), 2016 U.S. Dist. LEXIS 144058, at *24 – 25 (E.D.N.Y. Oct. 14, 2016).

G.  **Plaintiff's Re-Pled Fourteenth Amendment Stigma-Plus Claim Remains Deficient**

Plaintiff alleges that Defendant has placed her name on a list of individuals ineligible for rehire. This Court previously dismissed Plaintiff's stigma-plus claim, as Plaintiff failed to plead that Defendant publicized this list or otherwise foreclosed Plaintiff from obtaining employment elsewhere. ECF No. 24, at p. 27. The Amended Complaint conclusorily states that Plaintiff's status on this list prevents her from working at local private schools. ECF No. 35 at ¶ 74. Plaintiff, however, fails to plead any facts that would plausibly suggest that Defendant interfered with her external job prospects.

Accordingly, Defendant respectfully requests that the Court hold a pre-motion conference with respect to its anticipated motion to dismiss.

                                                            Respectfully Submitted,
                                                            /s/
                                                            Alana R. Mildner
                                                            Assistant Corporation Counsel

cc:     **By ECF**
        Stewart L. Karlin, Esq.
        Natalia Kapitonova, Esq.
        Stewart Lee Karlin Law Group, P.C.
        *Attorneys for Plaintiff*