# STEWART LEE KARLIN LAW GROUP, P.C.
## 111 John Street, 22nd Floor
## New York, New York 10038
## (212) 792-9670/Office
## (212) 732-4443/Fax

cnk@stewartkarlin.com

**NATALIA KAPITONOVA, ESQ.**

| | |
|---|---|
| **MEMBER OF THE BAR** | **Concentrating in Employment, Education and** |
| **NEW YORK & NEW JERSEY** | **Insurance Law** |

**Website:** www.stewartkarlin.com

October 27, 2020

**Via ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   **Reyna Arroyo v. The Department of Education of the City of New York**
        **19-CV-7416 (ER)**

Dear Judge Ramos:

Plaintiff is writing in response to Defendant's pre motion letter requesting a pre motion conference regarding a motion to dismiss. We write in accordance with your Individual Rules for Practice in Civil Cases in opposition to this request. For the reasons below, the motion should be denied.

### A. Procedural History

Plaintiff started this case *pro se* on or about August 2019 (Dkt #1). On or about August 2020, this Court granted Defendant motion to dismiss, but Plaintiff was granted leave to replead her first Amendment retaliation claim concerning her letter to SCI, her fourteenth Amendment equal protection claims on arbitrator selection, discrimination on the basis of race and national origin, and her stigma plus claim based her being on the "ineligible List" (Dkt #24). On September 2020, Plaintiff retained counsel, one year after this litigation started (Dkt #25). Thereafter, on October 9, 2020, Plaintiff amended her complaint. (Dkt#35)

### B. Relevant Facts

Plaintiff (Dominican with a discernable accent) was employed by Defendant as a teacher since 1998. Throughout her career, Plaintiff was exemplary until 2014-2015 when Mrs. Karen Remer began working as an A.P. at the International Business and Finance High School and began

1

targeting Plaintiff. It is noted that Plaintiff started working at this school in 2005 without any disciplinary or performance issues. The discrimination and retaliation culminated in Plaintiff's termination. It is alleged in the amended complaint that Plaintiff was retaliated due to her First Amendment activity and that her equal protection rights on arbitrator selection were violated. Plaintiff also plead discrimination on the basis of race, national origin, and her stigma plus claim based her being on the "Ineligible List".[1]

**C.     The Amended Complaint complies with the Court Order**

This Court did not dismiss Plaintiff's First Amendment claim in the order but gave Plaintiff an opportunity to replead it and amend it now that she is represented by counsel. Accordingly, she has not changed the theory of her case but added allegations relating to her First Amendment retaliation claim, which was not dismissed. Accordingly, the facts regarding the local news outlets and adverse ramifications after her complaints is squarely within her First Amendment retaliation claim and is clearly protected speech. Thus, a motion to dismiss the First Amendment claim would be futile. In regards to the cause of action regarding free speech again, this relates to her same theory of First Amendment retaliation that the Court did not dismissed and thus she should be allowed to plead. Further, with regards to Plaintiff's claims on national origin, these claims are not Title VII claims but claims in the context of the Fourteen Amendment claim in accordance to this Court order (Dkt #24).

**D.     Plaintiff's First Amendment Retaliation Claim States a Cause of Action**

Viewed in the light most favorable to the Plaintiff (*Albright v. Oliver*, 510 U.S. 266, 1994), she acted as a private citizen because complaining to SCI, NY Post, News 1 and the NYS Division of Human Rights were of similar nature as the complaint to SCI about the illegalities of the school was not part of her duties as a teacher. In addition, Plaintiff's was acting as a citizen as her duties as a teacher did not include making those complains. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). Thus, a cause of action is clearly stated and a motion to dismiss would be futile.

**E.     Plaintiff's Fourteenth Amendment Retaliation Claim concerning Arbitrator's selection states a cause of action**

Even if intermediate scrutiny was to apply (*Green v. Dep't of Educ. of City of New York*, No. 18 Civ. 10817. 2019 WL 3432306), Plaintiff's claims concerning arbitrator's selection should be allowed to go forward as the policy being challenged furthers an important government interest which is the equal protection of a tenured teacher to be able to obtain a fair and impartial hearing before being terminated. In the case at hand, Plaintiff pleaded that her equal protection rights were violated when she was assigned an arbitrator Pollack who was not an attorney and was biased against Plaintiff in that she omitted proper protocol and went ahead and conducted the 3020A hearing when the procedural requirements were not met. Despite producing credible witnesses, including teachers and students who testified on Plaintiff's behalf as to her abilities and proficiency to teach, their testimony was not considered. Thus, viewing these

---

[1] In this amended complaint Plaintiff pleads the causes of action as permitted by the Court. See Dkt #24.

2

facts in the lights most favorable to Plaintiff, they should suffice to state a plausible cause of action and a motion to dismiss would be futile.

**F.    Plaintiff's Fourteenth Amendment Claim concerning race and national origin states a cause of action**

Plaintiff has plead in her amended complaint various instances in which she was targeted due to her race and national origin in comparison to her similar counterparts who were not Hispanic.  For example, Plaintiff pleaded that Mrs. Remer treated her differently than her Caucasian counterparts and mocked Plaintiff's accent and humiliated her at staff meetings in front of other Caucasian teachers. Also Plaintiff pleaded that she was often visited and interrupted in class unlike other teachers.  Also assignment of classrooms was different in regards to her only as she was given a classroom and then this was taken and given to a Caucasian teacher, causing Plaintiff to have to transfer to different classrooms during the day to teach. The disparate treatment was so obvious that this same teacher approached Plaintiff and was apologetic, stating she did not want Plaintiff to think she had anything to do with the unequal treatment and informed Plaintiff that Defendant had told this teacher not to worry as that was going to be Plaintiff's last year at the school.  In other words, there was already a plan set in motion to terminate Plaintiff.  Amd. Compl. ¶25-39.  On a motion to dismiss, Plaintiff need only to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009).  Because Plaintiff has satisfied this requirement, a motion to dismiss will be futile.

**G.    Plaintiff's Fourteenth Amendment Stigma Claim Plus states a cause of action**

Plaintiff has plead facts to establish a prima facie case of stigma plus based on the placement of her name in the DOE's ineligible list.  Specifically, Plaintiff pleaded that she has been placed on a list called the "Problem Code" or "Ineligible Inquiry List" and that there is no information on the procedures used, no standards for placement on this list, and no method by which a person so placed may remove his/her name from this list.  Actually, once the OPI decides to flag an employee or ex employee's fingerprints,  teachers placed in this list cannot get a job at the Department of Education, thus Plaintiff is stigmatized and unable to work in NYC DOE.  In addition, due to being on this list, Plaintiff cannot work at most other private schools in New York City; therefore, Plaintiff's job prospects and ability to work in New York City are for all practical purposes non-existent. Amd. Compl. ¶65-73. In considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pled allegations in a complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

Here, given that the instant case is to be analyzed under the motion to dismiss standards and being that Plaintiff complied with these standards, a pre-motion conference will be futile and therefore should be denied.

Thank you for your attention to this matter.

*s/ Natalia Kapitonova*
NATALIA KAPITONOVA, ESQ.

CC:    Alana Mildner, ACC (Via ECF)

3

A pre-motion conference will occur remotely and by telephone on Wednesday, Nov. 18, 2020 at 10:30 am.  The parties are directed to call the Court at (877) 411-9748 and use access code 302 9857# when prompted.

_____
Edgardo Ramos, U.S.D.J
Dated: 11/2/2020
New York, New York