Civil Action No.  19 Civ. 7416 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REYNA ARROYO,

                                                                                               Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                                                                                Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-146*
*New York, New York  10007*

*Of Counsel:  Alana R. Mildner*
*Tel.:  (212) 356-1177*
*Matter No.:  2019-062549*

William S.J. Fraenkel,
Alana R. Mildner,
   Of Counsel.

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 1

ARGUMENT ...................................................................................................................................... 1

    POINT I ......................................................................................................................................... 1

        THE AMENDED COMPLAINT FAILS TO COMPLY WITH THE COURT'S ORDER
        GRANTING LEAVE TO REPLEAD. ................................................................................... 1

    POINT II ........................................................................................................................................ 3

        PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM. ........ 3

    POINT III ....................................................................................................................................... 6

        PLAINTIFF FAILS TO STATE A FOURTEETH AMENDMENT CLAIM
        CONCERNING RACE AND NATIONAL ORIGIN DISCRIMINATION. ......................... 6

    POINT IV ...................................................................................................................................... 8

        PLAINTIFF FAILS TO STATE A FOURTEETH AMENDMENT STIGMA PLUS
        CLAIM. .................................................................................................................................... 8

    CONCLUSION ............................................................................................................................ 10

**TABLE OF AUTHORITIES**

**Cases**

*Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 633 (2d Cir. 1996) ................. 8

*Green v. Dep't of Educ.*, 18 Civ. 10817 (AT)(GWG), 2019 U.S. Dist. LEXIS 127545, *34 (S.D.N.Y. July 31, 2019) ....................................................................................................... 9

*Koehler v. New York City*, 04 Civ. 6929 (RMB), 2005 U.S. Dist. LEXIS 35045, at *8 (S.D.N.Y. Dec. 20, 2005) ............................................................................................................................. 9

*Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. Appx. 40, 43 (2d Cir. 2012) .................. 2

*Picinich v. N.Y. Dep't of Educ.*, 16-CV-844(CBA)(LB), 2016 U.S. LEXIS 144058, at *24 – 25 (E.D.N.Y. Oct. 14, 2016) ............................................................................................................ 6

*Pitton v. New York City Dep't of Educ.*, 148 F. Supp. 3d 217, 230 (E.D.N.Y. 2015) .................... 5

*Rausa v. Bd. of Educ.*, 11-cv-1152, 2012 U.S. Dist. LEXIS 38652, *30 (N.D.N.Y. Mar. 21, 2012) ....................................................................................................................................................... 9

*Singer v. Ferro*, 711 F.3d 334, 350 (2d Cir. 2013) ....................................................................... 4

*Smith v. City of New York*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015) ......................................... 4

**PRELIMINARY STATEMENT**

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE") submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth in Defendant's moving papers, Plaintiff's Amended Complaint fails to plead a violation of Plaintiff's constitutional rights. Plaintiff's opposition to Defendant's motion does nothing to advance her claims. Accordingly, the Amended Complaint should be dismissed in its entirety.

**STATEMENT OF FACTS**

For a complete statement of facts, Defendant refers the Court to its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, at pp. 2 – 4.

**ARGUMENT**

**POINT I**

**THE AMENDED COMPLAINT FAILS TO COMPLY WITH THE COURT'S ORDER GRANTING LEAVE TO REPLEAD.**

The Court's August 6, 2020 Order granted Plaintiff leave to re-plead her First Amendment retaliation claim regarding her alleged June 2017 letter to the Special Commissioner of Investigation ("SCI"). *See* Opinion & Order, ECF No. 24. Notwithstanding the Court's order, Plaintiff pleads new allegations regarding contacts with local media outlets in 2015. *See* Amended Complaint, ECF No. 35, at ¶¶ 14 – 15. "District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose, and the plaintiff filed an amended complaint exceeding the scope of the permission

granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. Appx. 40, 43 (2d Cir. 2012). Plaintiff's claims concerning her alleged 2015 speech should be stricken because they exceed the permission this Court granted.

In opposing Defendant's Motion, Plaintiff incorrectly asserts that these new allegations fit "squarely within her First Amendment retaliation claim" that Plaintiff was granted leave to re-plead. *See* Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss (hereinafter "Opposition" or "Opp."), ECF No. 45, at p. 10. This Court granted Plaintiff leave to re-plead First Amendment claims concerning an alleged 2017 letter to SCI. The 2017 SCI letter and Plaintiff's alleged 2015 local media contacts are distinct in content, form, and context. Plaintiff alleges that in 2015, she reported to local media outlets that Defendant changed students' grades. *See* Amended Complaint, ECF 35, at ¶14. In contrast, in 2017, Plaintiff allegedly complained of personal mistreatment and grading improprieties to SCI, an internal DOE channel. *See id.*, at ¶34. The alleged SCI and local media complaints are not the same, as they were made two years apart, contain different allegations, and are directed to different recipients.

Because Plaintiff exceeded the scope of the permission granted by this Court when pleading new allegations, Plaintiff's First Amendment claims regarding her alleged 2015 local media contacts should be stricken.[1]

---

[1] In her Amended Complaint, Plaintiff also sought to bring new claims under the New York State Constitution's Free Speech provision. In her Opposition, Plaintiff withdraws that claim. *See* Opposition, ECF No. 45, at p. 10, n. 1.

## POINT II

## PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM.

Plaintiff's Opposition incorrectly claims that her complaints to SCI, local media, and the New York State Division of Human Rights ("SDHR") are protected speech that touches on matters of public concern.  *See* Opposition at p. 13.  This Court previously dismissed Plaintiff's First Amendment claims concerning her speech to SCI.  *See* Opinion & Order, ECF No. 24, at p. 24.  The Amended Complaint proffers no new facts regarding the SCI letter and includes allegations beyond the scope of the Court's leave to amend.  *See* infra Point I.  Rather than address the arguments in Defendant's motion, Plaintiff's Opposition attempts to mischaracterize Plaintiff's alleged speech as complaints on matters of public concern.  Consequently, the Court should dismiss these claims.

This Court previously found that Plaintiff's June 2017 letter to SCI, which allegedly concerned students' grades, make-up Regents examination eligibility, personal mistreatment, and the school's valedictorian selection process, was "'part-and-parcel' of her concerns as a school teacher and therefore cannot constitute protected speech under the First Amendment."  Opinion & Order, ECF No. 24, at p. 24.  In reaching this decision, the Court reasoned that complaints of personal mistreatment or grading improprieties, made within school channels, do not constitute protected speech.  *See id*.  The Amended Complaint provides no additional information regarding the SCI letter that would alter this conclusion.  *Compare* Amended Complaint ECF No. 35, at ¶ 35 *with* Letter dated June 28, 2017, annexed to Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 17-3, as Exhibit I.  Plaintiff, therefore, cannot plausibly plead the SCI communication was speech as a private citizen on a matter of public concern, because this Court already determined that it was not.

As stated above, Plaintiff's Amended Complaint contains new First Amendment claims that Plaintiff was not given leave to plead. Even if the Court does not strike these claims, however, Plaintiff has failed to state a claim. Plaintiff's Opposition avers that her alleged 2015 local media contacts regarding students' grades should be consider protected speech. Plaintiff argues that "she was speaking in a private capacity in the sense that her duties as a teacher did not require her to speak with the media." Opposition at p. 13. As this Court previously noted, "speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Opinion & Order, ECF No. 24, at p. 23 (citing *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203 (2d Cir. 2010)). Further, even if changes in students' grade were a public concern, the alleged media contact "falls far from the kind of legitimate and understandable concerns that the public would have as to [schools] and their missions." *Singer v. Ferro*, 711 F.3d 334, 350 (2d Cir. 2013) (holding that several isolated employment-related matters "are at best of marginal 'public interest'").

Plaintiff incorrectly claims that her alleged speech to SDHR should be afforded First Amendment protections. *See* Amended Complaint ECF No. 35, at ¶ 13. Although SDHR is an outside entity, "a single public employee's attempt to 'redress personal grievances' lacks a 'broader public purpose.'" *Smith v. City of New York*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015). Therefore, Plaintiff's SDHR complaint alleging personal mistreatment is not a matter of public concern.

Moreover, Plaintiff fails to plead a causal connection between her speech and any adverse employment action. Plaintiff argues in her Opposition that she "always received satisfactory ratings until suddenly she was given the label of 'incompetent' and charged with

4

'unwillingness and/or inability to follow procedures and carry out normal duties.'" Opposition at p. 14.  It is undisputed, however, that Plaintiff received constructive criticism *prior* to her alleged 2015 contacts with local media outlets.  Plaintiff was placed on a Teacher Improvement Plan in December 2014.  *See* Decision of Hearing Officer Lisa D. Pollack, Esq., annexed to the Mildner Decl., dated December 18, 2020, ECF No. 41, as Ex. A, at p. 13.  As early as November 12, 2014, Assistant Principal Remer observed Plaintiff's classroom and noted that students were not engaged in self or peer assessment and that one student was sleeping.  *Id.*  Thus, Plaintiff is incorrect to assert that her supervisors' assessments of her job performance changed after alleged protected speech in 2015, as Plaintiff's supervisors had similar concerns about her performance in 2014.

Not only is there a causal deficiency, there is also a temporal deficiency. Plaintiff's alleged 2015 contacts to media outlets are too temporally attenuated from any adverse employment action for a causal inference to be drawn.  Plaintiff fails to plausibly plead that her 2017 3020-a hearing and 2018 termination were sufficiently close in time to her alleged 2015 complaints to local media outlets such that a causal inference may be drawn.  Courts in this Circuit have found that even much shorter periods are too attenuated to permit such an inference. *See Pitton v. New York City Dep't of Educ.*, 148 F. Supp. 3d 217, 230 (E.D.N.Y. 2015) (holding that a timeframe of five-months to be too attenuated to draw a causal inference of First Amendment retaliation).

Plaintiff's Opposition acknowledges the lengthy gap in time between Plaintiff's alleged speech and adverse employment actions, but asserts "there was no opportunity to retaliate against Plaintiff until her return in the fall of 2016 to the College Academy because she was a substitute teacher assigned to various schools [during the 2015-2016 school year]."

5

Opposition at pp. 13 – 14.  Plaintiff attempts to analogize the instant circumstances to cases in which Courts have found that events a few months apart could be considered temporally proximate due to a summer break from school between the protected activity and adverse employment action.  Plaintiff, however, remained employed by DOE during the 2015-2016 school year, albeit assigned to the Absent Teacher Reserve ("ATR") and not The College Academy.

Accordingly, Plaintiff fails to state a claim under the First Amendment to the United States Constitution, and these claims must be dismissed.

### POINT III

**PLAINTIFF FAILS TO STATE A FOURTEETH AMENDMENT CLAIM CONCERNING RACE AND NATIONAL ORIGIN DISCRIMINATION.**

This Court previously dismissed Plaintiff's Fourteenth Amendment equal protection claims regarding race and national origin discrimination but gave Plaintiff leave to re-plead.  *See* Opinion & Order, ECF No. 24, at p. 32.  Plaintiff, however, fails to plead any facts regarding similarly-situated teachers who did not share Plaintiff's protected characteristics and received better treatment.  *See generally* Amended Complaint.  Plaintiff instead proffers vague, conclusory assertions of unequal treatment, which are insufficient to state a Fourteenth Amendment selective enforcement claim.  *See Picinich v. N.Y. Dep't of Educ.*, 16-CV-844(CBA)(LB), 2016 U.S. LEXIS 144058, at *24 – 25 (E.D.N.Y. Oct. 14, 2016).

In her Opposition, Plaintiff asserts that she was visited and interrupted while teaching while other unnamed and unidentified teachers were not so treated.  Plaintiff also claims that her classroom was reassigned to another teacher.  Not only does the Amended Complaint

6

fail to identify these "other teachers," it fails to plead that these "other teachers" were outside Plaintiff's protected class and similarly-situated.  For example, Plaintiff fails to plead whether any of these teachers also taught Chemistry, whether these teachers were on Teacher Improvement Plans, or whether these teachers had previously received constructive feedback.  As Plaintiff has not alleged that these other teachers were similarly situated to her, Plaintiff fails to plead a selective enforcement claim.

Further, Plaintiff fails to plead that Plaintiff was treated selectively with intent to discriminate on the basis of Plaintiff's race or national origin.  Plaintiff's Amended Complaint suggests that owing to a perception that the 2016-17 school year would be Plaintiff's final year at The College Academy, her classroom was reassigned to teacher who is Caucasian.  *See* Amended Complaint, ECF No. 35.  Thus, Plaintiff's own Amended Complaint suggests a non-discriminatory reason for the classroom reassignment.  Consequently, Plaintiff has not plausibly pled that the reassignment of her former classroom to this teacher constituted or was founded in impermissible race or national origin discrimination in violation of the Fourteenth Amendment's Equal Protection clause.

Therefore, Plaintiff's Fourteenth Amendment selective enforcement claim must be dismissed.

# POINT IV

## PLAINTIFF FAILS TO STATE A FOURTEETH AMENDMENT STIGMA PLUS CLAIM.

Plaintiff alleges that by being on DOE's "ineligible inquiry list," she "cannot work at most other private schools in New York City." Amended Complaint, ECF No. 35, at ¶ 74. Plaintiff, however, fails to allege that the list includes stigmatizing information about her termination or that DOE published the list to any non-DOE school. Instead, Plaintiff's Opposition asserts that Plaintiff is entitled to a name-clearing hearing. Not only is Plaintiff not entitled to such a hearing, but the cases Plaintiff's Opposition cites are inapposite.

"[W]hen a government employee is dismissed for stigmatizing reasons that seriously imperil the opportunity to acquire future employment, the employee is entitled to 'an opportunity to refute the charge.'" *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 633 (2d Cir. 1996) (internal citations omitted). In *Donato*, the Court found that a probationary assistant principal was entitled to a name-clearing hearing because written accusations, "severely impede[d] her ability to continue in the education field in a supervisory capacity." *Id*. In reaching this outcome, the court also noted a "significant difference exists between a teaching and a supervisory position." *Id.* at 632.

Plaintiff's Opposition claims, incorrectly, that *Donato* holds that "a name-clearing hearing is warranted even if there has been no publication…" Opposition at p. 26 (emphasis omitted). This assertion mischaracterizes the *Donato* court's reasoning, which states that "[s]tigmatizing statements by the government about an employee upon her discharge only implicate a liberty interest when there is also public disclosure." *Donato*, 96 F.3d at 631. Unlike in *Donato*, Plaintiff in the instant matter does not allege the DOE made stigmatizing statements when placing her on a list of employees ineligible for rehire. Inclusion on the ineligible list is

8

not enough for Plaintiff to demand a name-clearing hearing. *See Koehler v. New York City*, 04 Civ. 6929 (RMB), 2005 U.S. Dist. LEXIS 35045, at *8 (S.D.N.Y. Dec. 20, 2005) (holding that the plaintiff failed to allege a liberty interest because she did not assert that the ineligible list disclosed stigmatizing grounds for her dismissal).

Plaintiff was provided with a full evidentiary hearing under New York State Education Law § 3020-a and challenged the hearing officer's decision in an Article 75 proceeding in New York State Supreme Court. *See* Opinion & Order, ECF 24, at p. 8. Therefore, she is not entitled to a name-clearing hearing. *See Rausa v. Bd. of Educ.*, 11-cv-1152, 2012 U.S. Dist. LEXIS 38652, *30 (N.D.N.Y. Mar. 21, 2012) (plaintiff not entitled to a name-clearing hearing when she had the opportunity to have a § 3020-a hearing and Article 78 proceeding).

Moreover, Plaintiff fails to allege that DOE disclosed information to other potential employers such that she was unable to secure other employment opportunities. *See Green v. Dep't of Educ.*, 18 Civ. 10817 (AT)(GWG), 2019 U.S. Dist. LEXIS 127545, *34 (S.D.N.Y. July 31, 2019) (holding that the absence of a claim that the ineligible inquiry list is communicated to potential employers is fatal to a stigma plus claim). In her Opposition, Plaintiff alleges that "presumably" DOE shared information regarding Plaintiff's termination with the New York State Department of Education, yet Plaintiff does not allege, even upon information and belief, that such a transmission of information occurred. *See* Opposition at p. 22.

Because Plaintiff has not asserted that DOE has communicated any stigmatizing statement about Plaintiff to any third party, the Court should dismiss the sigma plus claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:   Queens, New York
         March 2, 2021

                              **JAMES E. JOHNSON**
                              Corporation Counsel of the City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-146
                              New York, New York 10007
                              (212) 356-1177
                              amildner@law.nyc.gov

                              By:      /s/
                                     Alana R. Mildner
                                     Assistant Corporation Counsel

William S.J. Fraenkel,
Alana R. Mildner,
   Of Counsel.